1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

9   United States of America,

10                              Plaintiff/Respondent,

11   v.

12   Claney Lee Taylor,

13                              Defendant/Movant.

14

No. CV 16-02063-PHX-DGC (DMF)
    CR 07-01231-PHX-DGC

**REPORT AND
RECOMMENDATION**

15   TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT

16   JUDGE:

17         Petitioner Clancy Lee Taylor, an inmate currently incarcerated in the Federal

18   Bureau of Prisons, through counsel has filed a Motion to Vacate, Set Aside, or Correct

19   Sentence Under 28 U.S.C. §2255 (hereinafter "2255 motion") (Doc. 1).  On August 26,

20   2016, Respondent United States of America filed a Motion to Stay, and a Motion to

21   Extend the Time to File a Response/Opposition to Petitioner's motion (Docs. 6, 7).  On

22   August 31, 2016, this Court granted Respondent's requested extension, permitting

23   Respondent to file its response/opposition until "no later than two weeks after the Court's

24   decision on the [motion to stay]," if denied, or up to two weeks "after the U.S. Supreme

25   Court's decision in *Beckles v. United States*" (Doc. 9).  Petitioner filed a Response to the

26   Motion to Stay on October 14, 2016 (Doc. 11), and on October 24, 2016, Respondent

27   filed a Reply (Doc. 12).

28         As explained below, the Court recommends that the Motion to Stay (Doc. 6)

pending decision in *Beckles v. United States*, No. 15-8544 (*cert.* granted June 27, 2016) be granted.

## I.   BACKGROUND

Petitioner raises one claim in his 2255 motion, that, in light of the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), his sentence is unconstitutional.   In *Johnson*, the Supreme Court held that the so-called "residual clause" in the definition of a "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague.   Petitioner asserts that his sentence as a career offender within the meaning of United States Sentencing Guideline ("U.S.S.G.") § 4B1.2 is unconstitutional.

Pursuant to a plea agreement, Movant pled guilty to bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a) and (2) (CR-07-01231, Doc. 84).   The terms of plea agreement set forth several agreements regarding sentencing, including: first, that the movant was to be "sentenced to no more than 168 months imprisonment" pursuant to Fed. R. Crim. P. 11(c)(1)(C); second, that the parties did not have "any agreements regarding disposition for [Movant's] supervised release violation, nor [did] they have any agreement regarding whether the sentence for the supervise release violation [No. 01-752] would run concurrently or consecutively to the" sentence in the present case, No. 07-1241 (*Id.*).

The probation office prepared a Presentence Report ("PSR") (Doc. 1 at page 2). The PSR included a career offender enhancement to level 32 under U.S.S.G. §4B1.1 (*Id.*).   As a basis for the career offender enhancement, the PSR noted Movant's prior convictions for 2nd degree burglary in violation of Arizona Revised Statute § 13-1507; as well as bank robbery in violation of 18 U.S.C. § 2113(a) (*Id.*).   The PSR also considered that Movant's conviction in the instant case was also for bank robbery in violation of 18 U.S.C. § 2113(a) (*Id.*).   These three convictions were categorized as "crimes of violence" as defined under U.S.S.G §4B1.1 and 4B1.2 (*Id.*).   In short, "Movant's base offense level was determined using the definition of 'crime of violence' set forth at U.S.S.G. §

4B1.2(a)" (*Id.*).   On December 12, 2008, the Court sentenced Movant to a 156-month term of imprisonment followed by three years on supervised release (CR-07-01231, Doc. 82).   Additionally, on the same day, Movant was sentenced to a 24-month consecutive sentence in a different case (CR-01-00752, Doc. 103).

Respondent requests a stay of these proceedings pending the U.S. Supreme Court's forthcoming decision in *Beckles v. United States*, No. 15-8544, – U.S. –, 136 S.Ct. 2510, 2016 WL 1029080 (cert. granted June 27, 2016), which will resolve a circuit split and address whether *Johnson*'s constitutional holding applies to the "crime of violence" residual clause of U.S.S.G. §4B1.2(a)(2), and whether it does so retroactively on collateral review (Doc. 6).   Respondent argues that *Beckles* will likely be decided by the end of the upcoming Supreme Court term in June 2017 (Doc. 7 at 2).   Respondent concedes for purposes of its motion to stay that the constitutional holding applies to the United States Sentencing Guidelines, but disputes whether the Johnson holding applies retroactively to guideline cases on collateral review (Doc. 6 at page 1, fn. 1).

## II.   ANALYSIS

A court's power to stay proceedings pending the resolution of another case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).   "A trial court may, with propriety, find it is efficient for its own docket, and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California*, 593 F.2d 857, 863 (9th Cir. 1979).   In determining whether a stay is appropriate, the court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (*citing CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 709 (1997) (*citing Landis*, 299 U.S. at 255).   If there is "even a fair possibility" of harm to the opposing party, the

moving party "must make out a clear case of hardship or inequity in being required to go forward." *Lockyer*, 398 F.3d at 1112 (*citing Landis*, 299 U.S. at 254). In habeas cases, "special considerations" are implicated "that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *See Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000). If a stay is especially long or its term is indefinite," the Court "require[s] a greater showing to justify it." *Id.* at 1119.

Because the Ninth Circuit has not decided if the analysis of *Johnson* applies to invalidate the residual clause of U.S.S.G. § 4B1.2(a), and if so, whether it applies retroactively on collateral review, and there is a circuit split on these issues, the Court agrees with the government that a Supreme Court decision on the issues presented in *Beckles* would narrow the issues and promote judicial economy with respect to Movant's U.S.S.G. claim. Considerations of judicial economy and the public interest weigh in favor of a limited stay of these proceedings pending the *Beckles* decision. An inordinate amount of effort and time could be expended needlessly in the litigation of Petitioner's 2255 motion if the stay is not granted. It is in the public interest that similarly situated defendants be treated alike for sentencing. However, those are not the only inquiries in deciding whether or not to grant a stay.

One of the factors the court may weigh in considering a stay of proceedings is the likelihood of success on the merits. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Movant has not shown likelihood of success on the merits. The context of this matter is collateral review. As such, the real question at issue is not whether the *Johnson* holding applies to the Guidelines, but more importantly, whether it does so on collateral review. When a defendant seeks to undo a final judgment on the basis of an intervening decision, restrictive retroactivity principles govern. *See generally Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion). As Respondent United States argues:

> Under *Teague* and its progeny, courts generally refuse to apply (or announce) new rules of criminal procedure for the first time in cases on collateral review. *Id.* at 311. For Movant to prevail here, the Court would have to announce or apply two new rules that were not established before

*Johnson*: that the Guidelines' residual clause is unconstitutionally vague, and that due process vagueness principles apply to the Sentencing Guidelines. Although the government agrees that both of these propositions represent the law after *Johnson*, neither proposition was dictated by the law as it existed before *Johnson*. Because these two propositions involve matters of sentencing procedure, consistent with *Teague*, these propositions should not be recognized and applied in a collateral challenge to a sentence that was final before *Johnson*.

(Doc. 12 at page 2).

Another factor for the court to consider is whether issuance of the stay will substantially injure the parties interested in the proceeding. *Hinton*, 481 U.S. at 776. Here, particularly given the 24 month consecutive sentence on revocation of supervised release in another case and the estimated U.S.S.G. range if Petitioner prevails, it does not look like a significant risk that Petitioner would be incarcerated after serving applicable sentences (*see* Doc. 12 at 2-3).   Replying in support of the stay, Respondent asserts that the parties agree that if Movant were to prevail, his guideline range for this case would be 100 to 125 months (Doc. 12 at 2, fn. 2).  With this in mind in addition to the 24 month consecutive sentence on the revocation of supervised release in another case, it is highly unlikely that Movant will remain incarcerated beyond a recalculated release date if the stay was granted and Movant prevailed (*see* Doc. 12 at 2-3).   Further, even if Movant had shown that there was a realistic possibility that even a recalculated sentence would result in a release date before the projected issuance of the *Beckles* opinion by the end of June, 2017, and, thus, that Respondent argued that he would face irreparable harm if the stay was granted, such an argument assumes that this case and subsequent appeal would be resolved before the end of June, 2017, which seems unrealistic at best.

Recently, the Ninth Circuit ordered stays in two cases pending the outcome of *Beckles*, but later lifted the stays based upon the fact that the defendants could realistically serve out the sentences they were contesting before *Beckles* is decided. *See Jacob v. United States*, No. 15-73302 (Docs. 36, 39); *Gardner v. United States*, No. 15-72559 (Docs. 39, 42).   "Jacobs's release date is October 5, 2017, and Garner's release date is July 12, 2017" (Doc. 6 at 8).  That is not the case here.  Respondent asserts that

Movant's release date is May 31, 2021 (Doc. 6 at 2) or March 27, 2020 (Doc. 7 at 2). Because Petitioner suffers no prejudice by a limited stay of proceedings, this Court finds that Petitioner will not be irreparably injured.

Movant cites *Yong v. INS*, 208 F.3d at 1116, in opposition to a stay in this case. In *Yong*, the Ninth Circuit held that the district court abused its discretion by staying a habeas corpus petition pending resolution of another matter pending before the court, *Ma v. Reno*, 208 F.3d 815 (9th Cir. 2000). *See Yong*, 208 F.3d at 1121. The court noted that because *Ma* was merely before the Ninth Circuit, it was uncertain when it would be resolved. *Id.* at 1119. The court asserted that the resolution of *Ma* could take years if the Supreme Court granted certiorari and reversed the Ninth Circuit's decision. *Id.* Because a decision in *Beckles* is expected by approximately the end of June 2017, which is less than nine months away, a stay of this matter, unlike the stay in *Yong*, would be short and would not be indefinite.

Thus, this Court will recommend that this matter be stayed pending the Supreme Court's decision in *Beckles*. Accordingly,

**IT IS THEREFORE RECOMMENDED** that the Government's Motion to Stay (Doc. 6) pending decision in *Beckles v. United States*, No. 15-8544 (*cert.* granted June 27, 2016) be granted.

**IT IS FURTHER RECOMMENDED** that the Government's opposition/answer be filed no later than two weeks after the Supreme Court issues its decision in *Beckles v. United States*, No. 15-8544 (*cert.* granted June 27, 2016).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure

timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

Dated this 4th day of November, 2016.

Honorable Deborah M. Fine
United States Magistrate Judge